## STATE OF OREGON,
*Respondent,*

*v.*

## JOHN TROY RESENDEZ,
*Appellant.*

(85-1782; CA A38373)

728 P2d 562

Lawrence J. Hall, Salem, argued the cause for appellant.
With him on the brief was Gary D. Babcock, Public Defender,
Salem.

Virginia L. Linder, Solicitor General, Salem, argued the
cause for respondent. With her on the brief were Dave
Frohnmayer, Attorney General, and Jeff Ellis, Certified Law
Clerk, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and
Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant was convicted of rape in the first degree, ORS 163.375, and sexual abuse in the first degree, ORS 163.425, involving a six-year old girl. He appeals only the rape conviction. We affirm.

■ During the trial, a Children's Services Division (CSD) worker testified for the state that four days after the incident the victim told her that defendant had had sexual intercourse with her. Defendant contends that the trial court erred in admitting that testimony, because it goes beyond the limits allowed by the hearsay exception in OEC 803(18a). The state argues that the CSD worker's testimony was admissible as non-hearsay pursuant to OEC 801(4)(a)(B) as a prior consistent statement of the victim. We agree with the state. OEC 801(4)(a)(B) provides:

"(4)   * * * A statement is not hearsay if:

"* * * A declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:

"* * * * *

"(B)   Consistent with the testimony of the witness and is offered to rebut an inconsistent statement or an express or implied charge against the witness of recent fabrication or improper influence or motive * * *."

At trial, the victim testified for the state that defendant had touched her vagina with his penis, that "[h]e stuck it inside me" and that it had hurt. On cross-examination, she admitted that, on the night of the incident, she had told her babysitter and a police officer only that defendant had tried to kiss her and had pulled her pants down, but had not told them that any sexual penetration had occurred. In defendant's cross-examination of the babysitter, the police officer and defendant's sister (who was present when the police officer interviewed the victim), testimony was elicited that on the night of the incident the victim had said nothing about sexual penetration. By placing in evidence statements that she had made to the babysitter and to the police officer as prior inconsistent statements and by implying that she had fabricated the testimony at trial concerning penetration, defendant

attempted to impeach the victim's testimony concerning the sexual penetration.[1]

The requirements of OEC 801(4)(a)(B) were met so that the victim's prior consistent statement to the CSD worker was properly admissible: the victim testified at the trial and, therefore, was subject to cross-examination concerning her statement to the CSD worker; the statement was consistent with her testimony at trial that penetration occurred; and the statement was offered to rebut allegedly inconsistent statements and the implication that she had fabricated her testimony at trial concerning penetration. The trial court, therefore, did not err in admitting the testimony of the CSD worker.[2]

■　Defendant also contends that the trial court erred in denying his motion for acquittal on the rape charge, because the evidence was insufficient to find that penetration had occurred. Viewing all the evidence in the light most favorable to the state, *State v. Harris,* 288 Or 703, 721, 609 P2d 798

---

[1] The state objected to the police officer's testimony concerning what the victim told him as being hearsay. Defendant's counsel responded by saying, "[I]t's not hearsay. It's offered for impeachment. It's prior inconsistent testimony." Later, when asked by the court if he was, in fact, impeaching the victim's testimony, he responded, "Right. But it's inconsistent with what she testified to in Court."

In final argument, defendant's counsel referred repeatedly to the victim's allegedly inconsistent statements:

"[P]ay special attention to what [the victim's] testimony was, here, in Court, today. And when you are considering that testimony, I would ask that you, also, consider the other evidence that was presented about her account of what had happened that she gave on other occasions. She has given a number of inconsistent stories about what happened at various times.

"* * * * *

"[W]e have rather wide divergent stories by the same child as to what happened.

"* * * * *

"You have a number of, not just inconsistencies on details, but wide inconsistent accounting from this child as to what happened.

"* * * * *

"So I, simply, ask you to consider all the circumstances in evaluating her testimony * * *. Also, in addition to these various accounts that the child did give to various people at various times as to what happened, and very few of them were consistent with each other."

[2] We do not reach defendant's contention that the CSD worker's testimony was inadmissible hearsay because of our decision that the testimony was not hearsay under OEC 801(4)(a)(B).

(1980); *State v. Bodenschatz,* 62 Or App 606, 611, 662 P2d 1, *rev den* 295 Or 446 (1983), we conclude that the evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that the penetration necessary to convict defendant of rape had occurred.[3] We find no error.

Affirmed.

---

[3] The evidence concerning penetration includes the testimony of the victim and the CSD worker. The latter's testimony on that issue is admissible as substantive evidence because her testimony relating the victim's prior consistent statements is admissible non-hearsay under OEC 801(4)(a)(B). *See* Commentary to Oregon Evidence Code 146-147 (Butterworth 1981).